**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROY KEVIN RUSS,

        Petitioner,               Case Number: 05-CV-72235

v.                                      HON. MARIANNE O. BATTANI

GERALD HOFBAUER,

        Respondent.

_____/

**OPINION AND ORDER DENYING
PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Roy Kevin Russ has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at Marquette Branch Prison, Marquette, Michigan, challenges his convictions for bank robbery and habitual offender, fourth. For the reasons set forth below, the Court denies the petition.

**I.  Background**

Petitioner's convictions arise out of an attempted bank robbery at Fifth Third Bank in Shiawassee County on September 21, 2001. Petitioner pleaded guilty in Shiawassee County Circuit Court to bank robbery and being a fourth habitual offender, pursuant to a plea agreement whereby the prosecutor dropped charges of armed robbery, felon in possession of a firearm, assault with a dangerous weapon, and two counts of felony firearm. In addition, the prosecution recommended Petitioner's minimum sentence not exceed 12 years. On April 26, 2002, Petitioner was sentenced to 12 to 20 years imprisonment.

Petitioner a delayed application for leave to appeal in the Michigan Court of Appeals,

presenting the following claims:

> I. Defendant's minimum sentencing guidelines were calculated using inaccurate information, therefore, was an abuse of discretion and a violation of defendant's constitutional right to due process and equal protection of the law. Where the prosecutor had prior knowledge of inaccurate information contained in reports of statements and testimonies and failed to correct said information at defendant's sentencing hearing.
>
> II. Defendant was sentenced as a fourth habitual offender when he never entered a direct plea of guilty to sentence enhancements at plea proceedings.

The Michigan Court of Appeals denied leave to appeal. People v. Russ, No. 247401 (Mich. Ct. App. May 30, 2003).

Petitioner filed a delayed application for leave to appeal in the Michigan Supreme Court, presenting the same claims presented to the Michigan Court of Appeals. The Michigan Supreme Court, after first holding the case in abeyance pending its decision in another pending case, denied leave to appeal. People v. Russ, No. 124107 (Mich. Sept. 28, 2004).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claims:

> I. The trial court violated the 14th Amendment due process clause by scoring, over objection, the petitioner's offense variables inaccurately.
>
> II. The trial court violated the 14th Amendment due process clause by sentencing defendant as a 4th habitual without entering a direct guilty plea into the state court record and in violation of M.C.R. 6.302(6).

## II. Analysis

### A. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody

2

> pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law.  Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998).  Additionally, this court must presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1); see also Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of

3

this Court to the facts of a prisoner's case." Id. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 410-11.

### B.  Sentencing Claim

In his first habeas claim, Petitioner argues that his right to due process was violated when the trial court scored his offense variables #4, #9, #12, and #19, on the basis of inaccurate information.

A claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review. See Cook v. Stegall, 56 F. Supp. 2d 788, 797 (E.D. Mich.1999). However, a sentence violates due process when "it was carelessly or deliberately pronounced on an extensive and materially false foundation which the prisoner had no opportunity to correct." Draughn v. Jabe, 803 F. Supp. 70, 80 (E.D. Mich. 1992), *aff'd,* 989 F.2d 499 (6th Cir. 1993), *citing* Townsend v. Burke, 334 U.S. 736, 741 (1948).

A sentence must be set aside where "the defendant can demonstrate that false information formed part of the basis for the sentence. The defendant must show, first, that the information before the sentencing court was false, and, second, that the court relied on the false information in passing sentence." United States v. Stevens, 851 F.2d 140, 143 (6th Cir. 1988). A sentence

imposed on the basis of "'misinformation of constitutional magnitude'" violates due process. Roberts v. U.S., 445 U.S. 552, 556 (1980), *quoting* U.S. v. Tucker, 404 U.S. 443, 447 (1972). The Sixth Circuit Court of Appeals has held that a sentencing court need not limit itself to consideration of the crime for which a defendant is being sentenced in determining the severity of the sentence to be imposed. Potter v. Yukins, 6 Fed. Appx. 295, 296-97 (6th Cir. 2001). Petitioner may obtain habeas corpus relief regarding these sentencing claims only if he shows "that the information in question was materially false and the trial court relied on it." *See* Id. at 296.

     First, Petitioner argues that the trial Court erred in scoring ten points on offense variable #4 for psychological injury where the victim testified that Petitioner never threatened her and she was not afraid. At sentencing, defense counsel objected to the scoring on this offense variable. The trial court concluded that the victim impact statement reflected that the incident negatively impacted every aspect of the victim's life and interfered significantly with her ability to perform her job. The trial court judge further reasoned that to score a zero on this offense variable would be to make "a mockery of somebody who is faced with a life threatening event, which is exactly what she felt she was faced with." Tr., 4/26/02, pp. 14-15. Petitioner argues that the trial court incorrectly scored offense variable #4 because the victim did not seek psychological treatment. However, Mich. Comp. Law § 777.34 does not require that a victim seek professional treatment for psychological injury. Instead, it states that "the fact that treatment has not been sought is not conclusive." Mich. Comp. Laws § 777.34.

     Second, Petitioner claims that ten points were incorrectly scored for offense variable #9, dealing with multiple victims. Petitioner argues that because no one else in the bank knew a

robbery was occurring there were not multiple victims.  The trial court held that scoring points for this offense variable was appropriate because, although the other people in the bank may have been unaware a robbery was occurring, they were also in danger because of Petitioner's actions.  In addition, the trial court held that the person who chased petitioner in his vehicle also was a victim.  While Petitioner disagrees with this conclusion, he has failed to show that it was based upon inaccurate information.

Third, Petitioner claims that five points were incorrectly scored on offense variable #12 for contemporaneous felonious criminal acts.  Defense counsel objected to the scoring.  After reviewing the circumstances surrounding the crime, the trial court concluded that two contemporaneous physical acts could be counted under this offense variable and scored five points.

Finally, Petitioner claims that the trial court incorrectly scored points for obstruction of justice under offense variable #19 because he fled the scene of the crime.  The sentencing judge concluded that Petitioner's behavior in fleeing police for a long period of time justified scoring points for obstruction of justice.  The Michigan Court of Appeals has held that a defendant's attempts to flee police justify scoring points under offense variable # 19.  *See* People v. Caver, 2006 WL 707743, * 2 (Mich. Ct. App. March 21, 2006).

The petitioner has failed to show that the factors considered by the trial court in sentencing him were materially false or improperly considered.  While Petitioner disagrees with the scoring of the offense variables, he has failed to show that the scoring was based upon "misinformation of constitutional magnitude."  Roberts, 445 U.S. at 556, *quoting* Williams, 337 U.S. at 247.  Therefore, the petitioner is not entitled to habeas corpus relief with respect to this

6

claim.

## C. Alleged Violation of State Law and State Court Rules

Second, Petitioner claims that his guilty plea is invalid because the trial court did not satisfy state law requirements in accepting Petitioner's plea of guilty to the habitual offender charge where Petitioner never entered a direct guilty plea to that charge and the trial court failed to comply with Michigan Court Rule 6.302(6) in accepting the plea.

"'[F]ederal habeas corpus relief does not lie for errors of state law.'" Estelle v. McGuire, 502 U.S. 62, 67 (1991) (*quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990)); *see also* Pulley v. Harris, 465 U.S. 37, 41 (1984) (holding that a court may not grant the writ of habeas corpus on the basis of a perceived error of state law). The Sixth Circuit has held:

> [i]n a [federal] habeas corpus proceeding, it is not the province of a federal appellate court to review the decision of the state's highest court on purely state law. Federalism requires that we accept the state Supreme Court's decision on state law as being correct as state courts must respect the decisions of federal courts on federal law.

Long v. Smith, 663 F.2d 18, 22-23 (6th Cir. 1981), *cert. denied*, 455 U.S. 1024 (1982). Petitioner's second claim alleges violations of state law. Consequently, it does not present a cognizable claim on habeas review. Moreover, the plea transcript shows that Petitioner admitted specifically and individually to four prior felonies and that Petitioner agreed that pleading guilty to being a fourth habitual offender was part of the plea agreement.

Thus, the Court denies habeas relief on this claim.

2:05-cv-72235-MOB-MKM Doc # 16 Filed 02/16/07 Pg 8 of 8 Pg ID 370


## III. Conclusion

The petitioner has not established that he is in the State of Michigan's custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: February 16, 2007

### CERTIFICATE OF SERVICE

I certify that a copy of this order was mailed to Roy Kevin Russ and Raina Korbakis on this date by ordinary mail or the Court's ECF System.

s/Bernadette M. Thebolt
Case Manager